# kd llc   katherine daniels

September 15, 2020

The Hon. P. Kevin Castel
United States District Court
Southern District of New York
500 Pearl Street, Rm. 11D
New York, NY 10007

*[Handwritten annotation: Application denied without prejudice. SO ORDERED. [signature] USDJ 9-15-20]*

**Re: GDRI v. NYCDOE, 12 CV 7387 (PKC) – DISCOVERY VIOLATIONS**

Dear Judge Castel:

    This office represents the Plaintiffs Gym Door Repairs, Inc. ("GDRI") and Safe Path Systems LLC in the above referenced case. We are writing to ask for clarification regarding the Court's Order dated Sepbember 10, 2020 (ECF 146) as it applies to the depositions of Chancellor Carranza, Toya Holness and Edie Sharp.

    The Defendants have taken the position that the Court denied Plaintiffs' request to depose above referenced individuals regarding an email exchange in which the Cancellor's spokesperson, Toya Holness, referred to Plaintiffs as "the scum of the earth." Attachment A. However, Plaintiffs did not ask the Court to compel Defendants to produce these three witnesses because the Defendants had not yet refused to make them available. However, they did so on Friday again today arguing that the Court's September 10, 2020 Order relieved them of the obligation. Attachment C.

    Plaintiffs are entitled to discover what John Shea said to Toya Holness that would cause her to refer to Plaintiffs – NYCDOE subcontractors for over 30 years – as "the scum of the earth" apparently for writing to the Chancellor in May, 2018 about potentially dangerous conditions involving the motorized partitions in New York City schools the wake of a fatal accident involving a child crushed by a partition in Fairfax, VA (Attachment B at NYC_E_00005348-51) and a fire in Queens caused by a illegally bypassed safety device. Attachment A at NYC_E_00005440-41.

    We are also entitled to discover (i) what motivated Chancellor Carranza to characterize Kathleen Cole's emails as a "Post story" rather than an expression of genuine concern regarding the safety of NYCDOE students and staff and (ii) why he declined to meet with Kathleen Cole and John Shea together, as Cole suggested in her letter, to discuss her allegations. Attachment A at NYC_E_00005351. We also have questions regarding the documents withheld from the production as "non-responsive." See, e.g., Attachment A at NYC_E_00005338, 5341, 5343,

 **katherine** daniels

5345, 5346 and 5347. Given the context, it seems unlikely that these pages are "non-responsive."

Accordingly, we ask the Court to clairify its Order and compel the Defendants to produce these three witnesses for virtual depositions no longer than two hours each.

Respectfully submitted,

*Katherine J. Daniels*

cc: Counsel of record via ECF